## Singerly *versus* Caldwell.

By an agreement under seal, A. and B. made a settlement between themselves of certain claims, for commissions due to A. for having effected certain sales of lands, for B., and further "that A. shall be entitled to a commission of $2100 payable. at the option of B. in any mortgage, or mortgages, aggregating that sum which may be received from C. in settlement for said purchases." In covenant upon the agreement, A. filed a copy thereof, and judgment was taken for want of an affidavit of defence. *Held*, affirming the court below, that said agreement was an instrument for the payment of money within the meaning of the Affidavit of Defence Law.

January 10th 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

ERROR to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of January Term 1878, No. 112.

Covenant by Andrew D. Caldwell against Joseph Singerly, on an agreement under seal, the material portions of which are stated in the opinion of the court below. The plaintiff filed a copy of this agreement and judgment was entered for want of an affidavit of defence. On an affidavit filed, which averred that said contract was not a paper or instrument of writing on which judgment can be entered for want of an affidavit of defence, a rule was granted to show cause why this judgment should not be stricken off, which rule was subsequently discharged, the court delivering the following opinion :

"By an agreement under seal, dated November 21st 1872, the plaintiff and defendant made a settlement between themselves, of certain claims for commissions due to the plaintiff for having effected certain sales of lands for the defendant. The material part of the agreement, so far as the present question is concerned, is contained in these words : ' The said Andrew D. Caldwell shall be entitled to a commission of $2100, payable at the option of the said Joseph Singerly, in any mortgage or mortgages aggregating that sum, which may be received from Harrison Grambo in settlement for said purchases.' The question argued was, whether this is an instrument for the payment of money within the meaning of the Affidavit of Defence Law.

"It is quite clear from the terms of the agreement that the plaintiff's commissions had been already earned, and that the object of the agreement was to fix the amount of them. The amount was fixed at $2100, and by the terms of the instrument the defendant agreed to pay that sum. It was in the defendant's option to pay the plain-

[Singerly v. Caldwell.]

tiff in mortgages instead of cash if he saw fit to do so. He bound himself to pay so much money, or at his option to pay an equivalent value in mortgages. The indebtedness was adjusted in money, and was primarily payable in money. The defendant had a right, if he saw proper, to tender mortgages instead of money. It was not incumbent upon the plaintiff to make any demand or do anything whatever. The agreement must not be confounded with that class of agreements by which debtors sometimes bind themselves to pay a certain amount in goods or chattels of specified description. Such agreements are not instruments for the payment of money within the meaning of the act (Gould v. Richardson, 33 Legal Intelligencer 158; Cozens v. Thayer, 1 W. N. C. 267), although on failure to deliver the goods the creditor may recover the money. In those cases the agreement is to deliver goods for a certain value. The agreement here is to pay money with a superadded privilege to the debtor of paying in mortgages if he prefers to discharge the debt in that manner. If this case were before a jury, all that would be necessary for the plaintiff to do in order to entitle himself to a recovery would be to put the agreement in evidence. It would then be for the defendant to discharge himself of the obligation to pay money by showing a tender of mortgages. So here the plaintiff's cause of action is complete on the face of the instrument filed, and if the defendant had any defence to the payment to which he bound himself he ought to have set it out in an affidavit of defence. The Affidavit of Defence Law is a very beneficial law. It tends to prevent unjust delays and unnecessary litigation and expense. It has been construed of late years with increasing liberality both by the Supreme Court and the Courts of Common Pleas. The instrument, a copy of which was filed in this case, is fairly within its terms. Rule discharged."

This action of the court was assigned for error by Singerly, who took this writ.

_G. Heide Norris_ and _E. Spencer Miller_, for plaintiff in error.— This paper was not an instrument of writing for the payment of money within the meaning of the Act of Assembly. The court below admits that if this had been an agreement to pay in goods, it would not have been an instrument for the payment of money. Singerly had a right to pay in mortgages; it was not therefore an absolute agreement to pay money, any more than an agreement to pay in goods.

In both a sum is ascertained; in both an option of paying a commodity is reserved; in both, if payment be not made in the commodity, the verdict must be for money; and we contend that in both, the creditor in trying the cause could put in evidence the contract and throw on the defendant the burden of proving the payment or offer to pay in the commodity.

It has often been held that an instrument on which a summary

[Singerly *v.* Caldwell.]

judgment may be taken, must be certain and not on condition. This agreement, so far as the payment of money is concerned, is uncertain and conditional. Money is not to be paid if the debtor has mortgages and desires to use them to discharge his debt.

*E. Hunn, Jr.*, for defendant in error.—This instrument is for a sum certain, payable not on any "condition" but at the debtor's "option," "in any mortgage or mortgages which may be received, &c." It is payable in money absolutely, unless the option is exercised. The burden was on the debtor to exercise the option and produce the mortgage or mortgages, otherwise it might not be payable at all, in case said mortgage or mortgages should never be received.

It is a fallacious argument, to say an option of paying in a commodity is reserved. In this case the promise is to pay in money, with an option to pay in another manner, while in the cases alluded to by plaintiff in error the promise is to pay, not in money but in goods. If this agreement had promised to pay so much money in mortgages, the argument of plaintiff in error would have some force.

No affidavit was filed before judgment that the debtor had any such mortgage or mortgages ; and in attempting to open the judgment, no such affidavit was filed nor any excuse for not having filed an affidavit in time. No tender of mortgage or mortgages was made.

The judgment of the Supreme Court was entered, January 27th 1879,

PER CURIAM.—We affirm this judgment upon the opinion of the learned court below.

Judgment affirmed.